NICOLE R. MCATEE, CA Bar No. 288700
nicole.mcatee@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
MEDICAL TRANSPORTATION MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL KELLEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL TRANSPORTATION MANAGEMENT, INC., a Missouri corporation; and, DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-9143<br><br>**DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Debbie Goin and Nicole R. McAtee in Support of Removal]<br><br>Complaint Filed: August 5, 2021<br>Trial Date: None<br>District Judge: Hon. |

49025634_1.doc

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF APRIL KELLEY AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Medical Transportation Management, Inc. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendant states as follows:

**I.     THE STATE COURT ACTION**

1.     Plaintiff April Kelley ("Plaintiff") initiated this civil action in the Superior Court of Los Angeles, State of California, on or about August 5, 2021, when she filed the Complaint ("Superior Court Action").  The action was assigned Case No. 21STCV28897.  In the Complaint, Plaintiff alleges causes of action for (1) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, *et seq*; (2) Failure to Accommodate in Violation of FEHA, Cal. Gov't Code § 12940, *et seq*; (3) Retaliation in Violation of FEHA, Cal. Gov't Code § 12940, *et seq*; (4) Retaliation in Violation of the California Family Rights Act ("CFRA"), Cal. Gov't Code § 12945.2; (5) Failure to Prevent Discrimination in Violation of FEHA,  Cal. Gov't Code § 12940, *et seq*; and (6) Wrongful Termination in Violation of Public Policy.

2.     In compliance with 28 U.S.C. Section 1446(a), attached to this Notice as exhibits are all process, pleadings, and orders filed in this action, specifically:

- **Exhibit A** – Complaint;
- **Exhibit B** – Summons;
- **Exhibit C** – Civil Case Cover Sheet;
- **Exhibit D** – Notice of Case Assignment;
- **Exhibit E** – Proof of Service of Summons (filed in the Superior Court

of the State of California for the County of Los Angeles on October 21, 2021);

-      **Exhibit F** – Notice of Case Management Conference;

-      **Exhibit G** - Defendant's Answer to Complaint (filed in the Superior Court of the State of California for the County of Los Angeles on November 18, 2021).

-      **Exhibit H** – Notice Re: Continuance of Hearing and Order.

To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of the State of California for the County of Los Angeles or served by any party.

## II.    TIMELINESS OF REMOVAL

3.      Plaintiff caused the Complaint to be filed on August 5, 2021. (Declaration of Nicole R. McAtee ("McAtee Decl."), ¶ 3.)  Upon information and belief, on or about October 21, 2021, Defendant, through its agent for service of process, was served with the Summons and Complaint.  (*Id.*)

4.      On November 18, 2021, Defendant filed its Answer to the Complaint. (McAtee Decl., ¶ 4.)

5.      This Notice of Removal is timely filed as it is filed within 30 days of the effective date of service of the Summons and Complaint on Defendant, i.e., within 30 days of October 21, 2021.  (McAtee Decl., ¶ 3 and 5); 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."); *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 WL 36184, 76 F.3d 390 (9th Cir.1996) (using Rule 6(a) to extend filing deadline from thirtieth day, which landed on a Sunday, to the following Monday).

## III.    THE FEDERAL COURT'S JURISDICTION AND REMOVABILITY BASED UPON DIVERSITY OF CITIZENSHIP

6.      "Any civil action" commenced in state court is removable if it might

2

Case No.

49025634__1.doc

have been brought originally in federal court.  *See* 28 U.S.C. § 1441(a), (b).  To remove a case to federal court on diversity grounds, two elements must be met: (1) complete diversity must exist between the parties, i.e., plaintiffs and defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332.

7.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by the Defendant pursuant to 28 U.S.C. § 1441.  This is a civil action that is between citizens of different states and where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

A.      **Complete Diversity of Citizenship Exists Between the Parties.**

1.      **Plaintiff Is A Citizen of California.**

8.      For diversity purposes, an individual's citizenship is determined by the individual's domicile.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, No. 11cv163-L (BNL), 2011 U.S. Dist. LEXIS 10510, **3-4 (S.D. Cal. Feb. 3, 2011); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. Mar. 18, 2008) (place of residence provides *prima facie* case of domicile); A person's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).

9.      Plaintiff is a citizen of the State of California and is domiciled in the County of Orange, California and was so domiciled at the time of filing of the Complaint.  (Declaration of Debbie Goin ("Goin Decl."), ¶ 10.)  Here, at the time Plaintiff was hired, she acknowledged that she resided in Anaheim, California, which is located in the County of Orange.  Plaintiff's Anaheim address is her last known address.  (*Id.*)

49025634__1.doc

10.    Plaintiff sets forth in the Complaint that at all relevant times, Plaintiff was an individual who resided in the County of Orange, State of California and performed work within the County of Los Angeles, State of California.  (*See* Ex. A, Compl. ¶¶ 1, 7.)  The Complaint references time periods from May 2017 to August 2019.  (*See* Ex. A, Compl. ¶¶ 8, 16.)  Further, when Plaintiff completed her onboarding documents in May 2017, she confirmed that she currently lived in Anaheim, California.  (Goin Decl., ¶ 10.)

11.    Plaintiff's domicile in California is established by, inter alia, her complaint in which she states that she is a resident of the County of Orange, her last known residence in the County of Orange at the time her suit was filed, and her continuous residence in California since at least 2017 as evidenced by her wage statements, job application, resume, and offer letter.  (*See* Compl. ¶¶ 1; Goin Decl., ¶ 10; *see Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (driver's license, current residence, and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp.1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).  Plaintiff has never worked at Defendant's locations outside of California or reported a residence outside of California to Defendant.  (Goin Decl., ¶ 10.)  Thus, Plaintiff is a citizen of the State of California for purposes of analyzing diversity jurisdiction. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citing *Anderson v. Watts*, 138 U.S. 694, 706 (1891) (noting that numerous courts treat a person's residence as *prima facie* evidence of the person's domicile); *Nunez v. Dean Foods Vegetable Co.*, 2016 WL 4445742, *3 (C.D. Cal. Aug. 22, 2016) (finding that plaintiff's "lengthy residence and employment in California are sufficient evidence of the Plaintiff's intent to remain in California. Therefore, the Court finds that Plaintiff's California citizenship is established for diversity jurisdiction purposes.").

12.    Accordingly, the preponderance of the evidence demonstrates that at the

4
Case No.
DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

49025634__1.doc

time the Complaint was filed and as of this removal, Plaintiff not only resided in California but was also domiciled there.  Thus, Plaintiff is a citizen of the state of California.

### 2.    Defendant is a Citizen of Missouri.

13.    Defendant is a corporation.  (Goin Decl., ¶ 4.)  "A corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . ."  28 U.S.C. § 1332(c).  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend,* 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as set forth in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id*. at 93*; see also Montrose Chem. Corp. of California v. Am. Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

14.    Defendant is, and was at all times relevant to this action, a corporation formed under the laws of the State of Missouri.  (Goin Decl., ¶ 4.)

15.    Defendant's corporate headquarters is, and were at all times relevant to this action, located in Missouri.  (Goin Decl., ¶ 5.)

16.    Defendant's principal place of business, and location from which its executive and senior management personnel and primary management operations direct, control, and coordinate the corporation's activities, is, and was at all times

5

relevant to this action, located in Lake Saint Louis, Missouri and/or outside of California.  (Goin Decl., ¶ 6.)  Defendant houses its corporate resolutions in the State of Missouri.  (*Id.*)  The majority of Defendant's Executive Officers primarily work out of offices located in the State of Missouri and/or outside of California.  (*Id.*)

17.     Defendant, by and through its high-ranking officers, whose offices are located in the State of Missouri, direct, control and coordinate activities, which include the following: (1) advertising and marketing; (2) final decisions with respect to directing general business and operations; (3) compliance with state and federal laws and legal services associated with such matters; (4) the size and composition of Defendant's workforce; and (5) Defendant's IT functions.  (Goin Decl., ¶ 7.)  The books and records relating to these and other matters, which are directed, controlled, and coordinated from the corporate office in Missouri, are maintained at that office and/or outside of California.  (*Id.*)

18.     Accordingly, Defendant is, and was at all times relevant to the Complaint and this Removal, a citizen of the States of Missouri, not California.

19.      The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).  Unnamed, or doe defendants are not required to join in removal.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988).

20.     As such, Plaintiff's inclusion of DOES 1 through 25 in the Complaint cannot defeat diversity jurisdiction.

21.     Thus, the parties are completely diverse in this matter because Plaintiff is a citizen of California, and Defendant is a citizen of Missouri.

**B.     <u>The Amount in Controversy Exceeds $75,000.</u>**

22.     The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy.  Pub.

DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

L. 112-63, Title II, § 205.  Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").

23.    The U.S. Supreme Court held that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).  The Ninth Circuit has also rejected application of the legal certainty standard for removals.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").  If the state court complaint expressly seeks more than $75,000, removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 402 (9th Cir. 1996).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington States Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.,* No. C06-07788 JSW, 2007 WL 1223699, **3-4 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages **likely to be accrued after the time of removal**." (emphasis added).

24.    Removal is, therefore, proper if from the allegations of the Complaint

49025634__1.doc

and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000 (assuming Plaintiff is successful in proving the claims). *Sanchez,* 102 F.3d at 404; *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

25.     Plaintiff seeks damages including: lost wages, benefits, and other pecuniary loss (*see* Exhibit A, Compl. ¶¶ 22, 30, 39, 46, 54, 62), emotional distress (*id.*, ¶¶ 23, 31, 40, 47, 55), and attorneys' fees and costs (*id.*, ¶¶ 24, 32, 41, 48, 56). Additionally, in the Prayer for Relief, Plaintiff seeks general damages, special damages, punitive damages, compensatory damages for medical expenses and loss of earnings, attorneys' fees and costs, pre judgement interest, costs incurred for the suit herein, and "other relief [that] the court may deem just and proper." (*Id.* at 12.) Indeed, Plaintiff's prayer for relief explicitly demonstrates that she claims that over $75,000 is at issue in this matter. (*See* Exhibit A, Compl., Prayer at 12.) This alone is enough to satisfy the amount-in-controversy threshold. *See In re Brosseau*, No. 10-cv-02526-REB-CBS, 2010 WL 5313765, *2 (D. Colo. Dec. 17, 2010) (finding amount-in-controversy requirement satisfied given that plaintiff's "prayer for relief in its petition demonstrates explicitly that well over 75,000 dollars is at issue in this case").

26.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). The amount in controversy can be determined by considering the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S,* 142 F.3d at 1156 (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). Based on Plaintiff's allegations, the amount in controversy is more likely than not to exceed the sum or

value of $75,000.  Plaintiff seeks damages including: lost wages, benefits, and other pecuniary loss according to proof.  (*See* Ex. A, Compl. ¶¶ 22, 30, 39, 46, 54.) Additionally, in the Prayer for Relief, Plaintiff seeks general damages, special damages, punitive damages, compensatory damages for medical expenses and loss of earnings, attorneys' fees and costs, pre judgement interest, costs incurred for the suit herein, and "other relief [that] the court may deem just and proper."  (*Id.* at 12.)

27.     Based on a conservative, good faith estimate of the value of the claims asserted in the Complaint, Plaintiff seeks recovery in excess of $75,000, the minimum amount required for diversity jurisdiction.

### (a)     Plaintiff's Alleged Lost Wages Exceed $75,000

28.     Plaintiff's employment was terminated with Defendant on or about August 7, 2019.  (Goin Decl., ¶ 10.)  On August 7, 2019, when Plaintiff's employment with Defendant came to a conclusion, Plaintiff's annual salary was $75,323.90 per year.  (*Id.*)  Plaintiff was paid on a bi-weekly basis and earned approximately $2,897 per pay period.  (*Id.*)

29.     Based on the 2021 Judicial Caseload Profile for the Central District of California obtained from the United States District Courts' official website (http://www.uscourts.gov/file/34605/download), the median time from filing to trial in a civil matter is 21 months.  By the time this case is resolved at trial, likely no earlier than May 2023, Plaintiff's **alleged** unmitigated lost wages from the time of her termination would amount to at least **$289,700.00**  (approximately 45 months of a conservative estimate of lost wages from August 2019 until the likely trial date in May 2023).  A true and correct copy of the "U.S. District Court-Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition" is attached as **Exhibit 1** to the Declaration of Nicole McAtee filed in Support of Defendant's Notice of Removal of Civil Action.

30.     To the above noted amount of alleged lost wages for Plaintiff, one must

49025634__1.doc

also add her alleged lost future earnings (including prospects for advancement to higher-paying positions and the value of employee benefits which Plaintiff may be entitled to in the future). *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *see White v. FCI USA, Inc.,* 319 F.3d 672 (5th Cir. 2003) (holding that at least $75,000 was in controversy, even though the plaintiff had only allegedly suffered $13,000 in damages from lost income at the time of removal, because the plaintiff alleged a "lengthy list of compensatory and punitive damages"—including loss of pay, impaired earning capacity, and emotional distress—combined with a claim for attorneys' fees and punitive damages).

31.     Thus, Plaintiff's alleged lost wages alone satisfy the amount in controversy.

### (b)     Plaintiff's Potential Alleged Emotional Distress and Mental Anguish Damages Exceed $75,000

32.     Plaintiff claims damages for emotional distress.  Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy.  *See Simmons,* 209 F. Supp. 2d at 1031-35.  Plaintiff alleges that, as a proximate result of Defendant's conduct, she has suffered emotional distress, humiliation, mental anguish, and embarrassment.  (*see* Exhibit A, Compl. ¶¶ 23, 31, 40, 47, 55)  While the precise amount of any alleged emotional distress cannot be known with certainty at this juncture, the Court can and should look to jury awards in similar litigation to estimate how much these could add to the amount in controversy here.  *See Simmons,* 209 F. Supp. 2d at 1033-35 (court relied on jury decisions in employment-related matters even though they were factually distinct).

49025634_1.doc

A review of jury verdicts in California, attached as Exhibits 2 (a)-(c) to the Declaration of Nicole McAtee filed with this Removal, demonstrates that emotional distress awards in disability discrimination and wrongful termination cases commonly exceed $75,000.  While Plaintiff does not state a specific amount of alleged damages for emotional distress, "the vagueness of [P]laintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial."  *Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).  The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold: *Navarro v. DHL Global Forwarding*, No. 2:15CV05510, 2017 WL 3503541 (C.D. Cal. May 22, 2017) ($765,000 for non-economic damages where plaintiff alleged he was discriminated against and wrongfully terminated because of his disability); *Betson v. Rite Aid Corp*., No. BC427992, 2011 WL 3606913 (Cal. Super. Ct. May 27, 2011) ($500,000 for non-economic damages where plaintiff alleged that after she returned from medical leave, employer made negative disability-related comments towards her); *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, No. RIC352666, 2003 WL 24304125 (Cal. Super. Ct. October 16, 2003) ($300,000 for non-economic damages where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation).  (McAtee Decl., ¶ 7 Ex. 2(a)-(c).)

33.     Here, the Complaint alleges that Defendant wrongfully terminated Plaintiff due to her "actual of perceived disabilities and retaliation for her request for accommodation in terms of taking a medical leave of absence."  (*See* Exhibit A, Compl. ¶ 16.)  Although Defendant denies that it subjected Plaintiff to any adverse employment action, or any such alleged conduct, the allegations and damages awarded in other California cases show that, if the fact-finder believes Plaintiff, which it should not, then emotional distress damages, at the time of removal, exceed

11

DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

$75,000.

### (c)   Attorney's Fees for Bringing a FEHA Claim to Trial Typically Exceed $75,000, Assuming Plaintiff Prevails

34.   Plaintiff also alleges that she is entitled to recover attorneys' fees if she successfully proves her claims.  (*See* Exhibit A, Compl., Prayer at ¶ 6.)  When authorized by statute or contract, attorneys' fee claims are also properly considered in determining the amount in controversy.  *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S,* 142 F.3d at 1155-56.

35.   The Court may consider attorneys' fees when determining the amount in controversy in a FEHA case.  *See Simmons*, 209 F. Supp. 2d at 1034; *Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751, 2009 WL 3368519, *5 (E.D. Cal. Oct. 19, 2009) ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").  Courts within the Ninth Circuit have recognized that "attorneys' fees in individual discrimination cases often exceed the damages. *See Simmons*, 209 F. Supp. 2d at 1035.

36.   Courts in California have awarded attorneys' fees and costs in FEHA cases that far exceed $75,000.  In *Morales v. Los Angeles County Metropolitan Transportation Authority*, No. BC339557, 2008 WL 5641565 (Cal. Super. Ct. August 1, 2008), a jury awarded a plaintiff $998,987 on his disability discrimination, retaliation, failure to provide accommodation, and wrongful termination claims, and $1,144,150 in attorneys' fees.  (McAtee Decl., ¶ 7, Ex 2(f).)  In *Mayo v. Cmty. Dev. Comm'n of the Cnty. of Los Angeles*, No. BC486184, 2014 WL 10105588 (Cal. Super. Ct. Nov. 6, 2014), the plaintiff alleged she was discriminated against because of a disability.  After a jury verdict in her favor, the plaintiff received attorneys' fees for $613,743.  (McAtee Decl., ¶ 7, Ex. 2(g).)  Like *Morales* and *Mayo*, Plaintiff also alleges a FEHA disability discrimination cause of action, for which she seeks attorneys' fees.  Further, she alleges additional causes of action in violation of

FEHA, for which she also seeks attorneys' fees: retaliation, failure to accommodate, and failure to engage in the interactive process.  Plaintiff also alleges retaliation in violation of the CFRA and wrongful termination.  Therefore, it is factually apparent from the body of the Complaint that the potential damages, according to Plaintiff's allegations, for lost wages, emotional distress, and attorneys' fees sought by Plaintiff are well in excess of $75,000.  *Luckett,* 171 F.3d at 298 (holding claims exceeded $75,000 as alleged in the complaint because there were alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework); *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction).

37.     Thus, the cases cited above and Plaintiff's demand for attorneys' fees and costs shows that the amount in controversy vastly exceeds $75,000.

## IV.     VENUE

38.     Venue is proper in this Court because this action was originally filed in the Superior Court of California, County of Los Angeles, located within the Western Division of the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 84(c) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## V.     REMOVAL IS TIMELY

39.     As required by 28 U.S.C. § 1446(b), the original Notice of Removal was filed within 30 days after Defendant was served with a copy of the Complaint.  (*See* McAtee Decl., ¶ 5).  *Wells v. Gateways Hosp. & Mental Health Ctr.*, 1996 WL 36184, 76 F.3d 390 (9th Cir.1996) (using Rule 6(a) to extend filing deadline from thirtieth day, which landed on a Sunday, to the following Monday).

VI.    **NOTICE OF REMOVAL TO PLAINTIFF**

40.    As required by 28 U.S.C. § 1446(d), Defendant will provide notice of this Removal to Plaintiff through her attorneys of record.  As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California for the County of Los Angeles.

WHEREFORE, Defendant removes this action to this Court.


DATED: November 22, 2021          OGLETREE, DEAKINS, NASH, SMOAK &
                                  STEWART, P.C.



                                  By:  /s/ Nicole R. McAtee
                                       Nicole R. McAtee

                                  Attorneys for Defendant
                                  MEDICAL TRANSPORTATION
                                  MANAGEMENT, INC.

                                                          49025634.2

DEFENDANT MEDICAL TRANSPORTATION MANAGEMENT, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

49025634__1.doc