# EXHIBIT A

Case 2:21-cv-09143-JFW-PD   Document 1-1   Filed 11/22/21   Page 2 of 14   Page ID #:17

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Steven Kleifield

Electronically FILED by Superior Court of California, County of Los Angeles on 08/05/2021 02:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

21STCV28897

DAVID F. TIBOR (SBN 230563)
david@tiborlaw.com
**THE TIBOR LAW FIRM, A.P.C.**
27200 Agoura Road, Suite 101
Calabasas, CA 91301
Tel: 818-312-1529
Fax: 818-918-4601

Attorneys for Plaintiff
APRIL KELLEY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| APRIL KELLEY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MEDICAL TRANSPORTATION MANAGEMENT, INC., a Missouri corporation; and, <br> DOES 1-50, inclusive, <br><br> Defendants. | Case No.: **21STCV28897** <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **DISABILITY DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT (FEHA);** <br> 2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA;** <br> 3. **RETALIATION IN VIOLATION OF THE FEHA;** <br> 4. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT (CFRA);** <br> 5. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA; and,** <br> 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, APRIL KELLEY, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff, APRIL KELLEY, was at all times relevant herein and is a resident of Orange County, California.

2. At all times mentioned herein, Defendant MEDICAL TRANSPORTATION MANAGEMENT, INC., a Missouri corporation, doing business in the State of California, County of Los Angeles. At the time the causes of action arose, Defendant was Plaintiff's employer.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this Complaint, is either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

5. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## ALLEGATIONS

6. Defendant is a healthcare and transportation management company with operations in over thirty States, including out of Los Angeles County, California.

7. Defendant last employed Plaintiff as a Mobility Assessment Evaluator Supervisor in its ADA Functional Assessment Department at 5747 Rickenbacker, Commerce, Los Angeles County, California.

8. Plaintiff was first employed by Defendant in or around May of 2017. Plaintiff's duties and responsibilities included reporting and overseeing team stats and performance, customer service, data analysis, monthly reports, and training new employees.

9. In early 2019, Plaintiff participated in an investigation with Defendant's Human Resources department involving Plaintiff's direct manager, wherein Plaintiff gave a statement that was not favorable to her manager. After Plaintiff's participation, Plaintiff was targeted by her manager despite Defendant's policies against retaliation.

10. In May of 2019, Plaintiff and her manager were involved in an incident where Plaintiff's manager put Plaintiff in a situation where that caused an enormous workload for Plaintiff in addition to her normal duties. Plaintiff worked approximately sixty (60) hours per week for Defendant.

11. Plaintiff was frustrated by the events and later texted her friends in a group chat saying "If you see me on the news for punching the shit out of my manager bail me out." These friends also worked for Defendant.

12. No one understood the text to be anything other than an expression of frustration and made in jest. At the time, no one reported Plaintiff's text as a threat to anyone.

13. Three months later, in August 2019, Plaintiff was called into the office and asked about the text. Plaintiff explained that it was an expression of frustration to her friends and nothing more. Defendant's representative explained to Plaintiff that based on her experience with Plaintiff that Plaintiff was a good person, honest, and a hard worker.

14. Plaintiff then explained the physical difficulties she was having with work, specifically with anxiety, depression, and panic attacks and how medically she was treating so that she could continue to work under the conditions.

15. Plaintiff was so upset by the meeting that she went to her doctor who immediately placed her on a leave of absence until October of 2019.

16. Two days later, on August 7, 2019, Defendant terminated Plaintiff's employment stating it was a result of Plaintiff's text to her friends back in May of 2019. Plaintiff is informed and believes and based thereon alleges that Defendant's reason is pretextual, that the substantial motivating reason for Plaintiff's termination are Plaintiff's actual or perceived disabilities and retaliation for her request for accommodation in terms of taking a medical leave of absence.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. On August 7, 2020, Plaintiff filed charges with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiff's case in order to allow Plaintiff to pursue her civil remedies under the Fair Employment Housing Act ("FEHA") and issued Plaintiff a right to sue letter the same day.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA
### (Against All Defendants)

18. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

19. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

20. The FEHA requires Defendants to refrain from discriminating against any employee on the basis of any perceived and/or actual disability.

21. Defendants engaged in unlawful employment practices in violation of the FEHA.

22. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

4
COMPLAINT

EXHIBIT A
PAGE 19

23. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

24. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

25. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA
**(Against All Defendants)**

26. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

27. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons. The FEHA imposes upon employers certain affirmative duties when confronted with an employee who has a disability.

28. Defendants failed to fulfill their affirmative duty to reasonably accommodate Plaintiff. Defendants' actions were in direct contravention of the FEHA.

29. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner.

30. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

31. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

32. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

33. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and

the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

### THIRD CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT

### (Against All Defendants)

34. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

35. At all times herein mentioned, the CFRA was in full force and effect and was binding on Defendants.

36. The CFRA requires Defendants not retaliate against eligible employees who exercise their right to request and take a leave of absence under the CFRA.

37. At the time Plaintiff requested and took her leave of absence, Plaintiff was an eligible employee as she had been employed by Defendant for at least the previous twelve months and had at least 1,250 hours in that twelve-month period.

38. Defendants engaged in unlawful employment practices in violation of the CFRA.

39. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

40. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges,

that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

41. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

42. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to accommodate employees pursuant to all applicable leave laws. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

**(Against All Defendants)**

43. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

44. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA, including disclosing a disability and/or requesting reasonable accommodations and/or requesting and/or taking a leave of absence.

45. Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

46. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

47. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

48. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

49. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

# FIFTH CAUSE OF ACTION
## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF THE FEHA
### (Against All Defendants)

50. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

51. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

52. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

53. In failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination and retaliation from occurring, Defendants violated California Government Code § 12940 (k), causing Plaintiff to suffer damages.

54. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

55. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur

attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

57. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on a disability and required Defendant's managers, officers, and agents to prevent discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against ALL Defendants)**

58. Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 17 of this Complaint.

59. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in the FEHA and the CFRA is to prohibit employers from discriminating and retaliating against any individual on the basis of an actual or perceived disability and/or for engaging in protected activities related to requesting accommodation due to a disability.

60. These public policies of the State of California are designed to protect all employees and to promote the welfare and wellbeing of the community at large.

61. Accordingly, the actions of Defendants, as described herein, were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California and the laws and regulations promulgated thereunder.

62. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to <u>Civil Code</u> § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

63. Because the acts taken toward Plaintiff were carried out by Plaintiff's supervisors, who was a managerial employee acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage her, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For special damages, according to proof;
3. For punitive damages, according to proof;
4. For medical expenses and related items of expense, according to proof;
5. For loss of earnings, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For costs of suit incurred herein; and
9. For such other relief and the Court may deem just and proper.

///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: August 5, 2021                THE TIBOR LAW FIRM, A.P.C.

By: _____
DAVID F. TIBOR
Attorney for Plaintiff